# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD BURTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-0011** |
| **N. BURL CAIN** | **SECTION "B"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED** for lack of subject matter jurisdiction.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.   FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Edward Burton, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On August 30, 1996, Burton and a co-defendant, Marshall L. Hughes, were charged by bill of information in Orleans Parish with possession of a stolen vehicle.[3] The State eventually dismissed the charge against Hughes.[4]

On September 6, 1996, Burton entered a plea of guilty and was sentenced to serve three years in prison, but his sentence was suspended.[5] He was placed on two years active probation and fines were imposed. Burton's conviction became final five days later, on September 13, 1996, because he did not file a notice of appeal or seek reconsideration of his sentence.[6] Caldwell v. Dretke, 429 F.3d 521, 529 (5th Cir. 2005) (a judgment imposing probation becomes final at the conclusion of direct review or the expiration of the time for seeking such review); see Cousin v. Lensing, 310 F.3d 843, 845

---

[2] Rec. Doc. No. 1.

[3] St. Rec. Suppl. Vol. 1, Bill of Information, 8/30/96.

[4] Id. (handwritten notation dated 7/8/97); Minute Entry, 7/8/97.

[5] St. Rec. Vol. 1, Minute Entry, 9/6/96; Sentencing Transcript, 9/6/96; St. Rec. Suppl. Vol. 1, Waiver of Constitutional Rights Plea of Guilty, 9/6/96.

[6] Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

(5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days).

Burton was arrested on an entirely separate armed robbery charge in June 1997.[7] His sentence of probation in this case involving possession of a stolen vehicle was revoked on July 30, 1997, and the court made the original three-year prison sentence executory and ordered that it run concurrently with any other sentence that may be imposed.[8] Burton was subsequently convicted of armed robbery in Case No. 391-509 on October 1, 1997. Using his previous conviction for possession of stolen property, the state trial court sentenced Burton on October 3, 1997, as a multiple offender to serve 60 years in prison without parole, probation or suspension of sentence. State v. Burton, 746 So.2d 74, 76 (La. App. 4th Cir. 1999).

About three years later, sometime in 2000, Burton submitted a motion to the state trial court requesting leave to withdraw his guilty plea to the possession of stolen

---

[7]St. Rec. Vol. 1, Hearing Transcript, p. 22, l. 3-11, 6/29/07.

[8]St. Rec. Supp. Vol. 1, Minute Entry, 7/30/97; Commitment Order, 7/30/97; Rec. Doc. No. 13, Docket Master, entry dated 7/30/97. The docket master was obtained by this court from the records of the Orleans Parish Criminal District Court. The docket master has been filed separately into the record.

property charge as unknowing and involuntary because of ineffective assistance of counsel.[9] The court denied the motion without reasons on September 15, 2000.[10]

Burton sought review of this order in the Louisiana Fourth Circuit Court of Appeal.[11] The court denied the writ application on November 13, 2000, finding that Burton was not entitled to relief.[12] On August 24, 2001, the Louisiana Supreme Court denied Burton's subsequent writ application for seeking untimely relief, citing La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[13]

On November 13, 2002, Burton submitted an application for post-conviction relief to the state trial court requesting an out-of-time appeal due to ineffective assistance of

---

[9] St. Rec. Vol. 1, Motion to Withdraw, submitted in 2000. The copy in the record provided is not dated. The proposed order attached thereto bears a date line for "this ___ day of ___, 2000." This is the only recognizable date on the document.

[10] St. Rec. Vol. 1, Trial Court Order, 9/15/00.

[11] St. Rec. Vol. 1, 4th Cir. Writ Application, 2000-K-2095, 9/25/00; see also 4th Cir. Writ Supplement Application, 2000-K-2095, 10/13/00.

[12] St. Rec. Vol. 1, 4th Cir. Order, 2000-K-2095, 11/13/00.

[13] State ex rel. Burton v. State, 794 So.2d 841 (La. 2001); St. Rec. Vol. 1, La. S. Ct. Order, 2000-KH-3541, 8/24/01; La. S. Ct. Writ Application, 00-KH-3541, 12/29/00 (signed 12/7/00, postmarked 12/12/00); St. Rec. Suppl. Vol. 1, La. S. Ct. Letter, 2000-KH-3541, 12/29/00. At the time of Burton's conviction, La. Code Crim. P. art. 930.8 provided a three-year period for a defendant to file for post-conviction relief. In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness.

counsel during the plea process.[14] The state trial court denied the application without reasons on November 16, 2002.[15]

Burton filed a writ application with the Louisiana Fourth Circuit on December 17, 2002, seeking review of the trial court's ruling.[16] The court denied relief on January 17, 2003, finding no error in that ruling.[17] The Louisiana Supreme Court, on March 19, 2004, denied Burton's subsequent writ application for seeking untimely relief, citing La. Code Crim. P. art. 930.8 and State ex rel. Glover, 660 So.2d at 1189.[18]

While that matter was awaiting disposition, sometime in August 2003, Burton filed another motion seeking to withdraw his guilty plea.[19] The state trial court denied the motion without reasons on September 16, 2003.[20]

---

[14]St. Rec. Suppl. Vol. 1, Uniform Application for Post-Conviction Relief, signed 11/13/02.

[15]St. Rec. Suppl. Vol. 1, Trial Court Order, 11/16/02.

[16]St. Rec. Vol. 1, 4th Cir. Writ Application, 2002-K-2503, 12/17/03 (signed 12/16/03).

[17]St. Rec. Vol. 1, 4th Cir. Order, 2002-K-2503, 1/17/03.

[18]St. Rec. Vol. 1, La. S. Ct. Writ Application, 03-KH-689, 3/11/03 (postmarked 2/17/03); La. S. Ct. Order, 2003-KH-0689, 3/19/04; State ex rel. Burton v. Cain, 869 So.2d 838 (La. 2004).

[19]St. Rec. Suppl. Vol. 1, Motion to Withdraw Guilty Plea, 8/03. Although the file-stamp clearly indicates that the filing was in August 2003, I am unable to determine the actual day on which this was filed.

[20]St. Rec. Suppl. Vol. 1, Trial Court Order, 9/16/03.

Burton filed a writ application with the Louisiana Fourth Circuit on October 17, 2003, seeking review of the trial court's ruling.[21] On November 12, 2003, the court denied relief again, finding no error in the trial court's ruling.[22] The court determined that the record demonstrated that Burton had received the sentence for which he bargained and was fully informed of the charge and his rights prior to entering his plea. Burton did not seek further review of this ruling.

Sometime on or before February 27, 2004, Burton filed a <u>third</u> motion in the state trial court seeking to withdraw his guilty plea to the possession of stolen property charge.[23] The court denied the motion on February 27, 2004 and entered judgment on April 13, 2004.[24]

One year later, on April 28, 2005, Burton's counsel filed a fourth motion to withdraw the guilty plea in the state trial court.[25] After several continuances of the hearing, counsel filed yet another motion to withdraw the guilty plea sometime in 2007.[26]

---

[21]St. Rec. Vol. 1, 4th Cir. Writ Application, 2003-K-1816, 10/17/03 (signed 10/9/03).

[22]St. Rec. Vol. 1, 4th Cir. Order, 2003-K-1816, 11/12/03.

[23]The motion is filed stamped April 28, 2004, which is almost two months after the trial court denied it. St. Rec. Suppl. 1, Motion to Withdraw Guilty Plea, 4/28/04.

[24]St. Rec. Suppl. Vol. 1, Trial Court Order, 2/27/04; Trial Court Judgment, 4/13/04.

[25]St. Rec. Suppl. Vol. 1, Motion to Withdraw Guilty Plea, 4/28/05.

[26]St. Rec. Suppl. Vol. 1, Motion to Withdraw Guilty Plea, 2007. The motion bears a date line for "This ___ day of ___, 2007." This is the only recognizable date thereon.

A hearing was finally conducted on June 29, 2007, at which time the state trial court denied the motion.[27]

On Burton's motion, the state trial court granted him until August 3, 2007, to file a writ application in the Louisiana Fourth Circuit.[28] Burton submitted a writ application to that court on July 27, 2007, requesting that his application be held in abeyance until he could obtain a copy of his plea transcript.[29] The court returned Burton's submission unfiled with a letter explaining that the court would not file his pleading solely to hold it in abeyance.[30]

More than three months later, on November 9, 2007, Burton filed a writ application in the Louisiana Fourth Circuit seeking review of the trial court's June 29, 2007, order denying his motion to withdraw the guilty plea.[31] On December 14, 2007, the court denied the application pursuant to La. Code Crim. P. art. 930.4,[32] refusing to reconsider the repetitive claims already addressed in Writ Nos. 2000-K-2095 and 2003-

---

[27]St. Rec. Vol. 1, Trial Court Judgment, 6/29/07; Hearing Transcript, 6/29/07.

[28]St. Rec. Vol. 1, Notice of Intent, 7/19/07; Trial Court Order, 7/19/07; Motion for Extension of Time, 7/19/07; Trial Court Order II, 7/19/07.

[29]St. Rec. Vol. 1, 4th Cir. Writ Application, signed 7/27/07.

[30]St. Rec. Vol. 1, Letter from 4th Cir., 8/13/07.

[31]St. Rec. Vol. 1, 4th Cir. Writ Application, 2007-K-1462, 11/9/07.

[32]Specifically, La. Code Crim. P. art. 930.4(D) allows dismissal of a successive post-conviction application that raises repetitive claims which are not new or different.

7

K-1816. The court also determined that the motion to withdraw the guilty plea was not timely filed, citing La. Code Crim. P. art. 930.8.

On January 11, 2008, Burton submitted a writ application to the Louisiana Supreme Court, which was filed on February 13, 2008, seeking review of the appellate court's order.[33] The court denied the application without reasons on October 24, 2008.[34]

## II. FEDERAL HABEAS PETITION

On December 31, 2008, the clerk of this court filed Burton's federal habeas corpus petition, in which he alleges that his "conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily with understanding of the nature of the charge and the consequences of the plea and counsel was ineffective during the plea process."[35]

The State filed a response in opposition to Burton's petition alleging that it should be dismissed as untimely.[36] Burton filed a traverse to the State's opposition memorandum, arguing that his petition should be considered timely.[37] He argues that the

---

[33] St. Rec. Vol. 1, La. S. Ct. Writ Application, 08-KH-320, 2/13/08 (signed 1/11/08).

[34] State ex rel. Burton v. State, 992 So.2d 1032 (La. 2008); St. Rec. Vol. 1, La. S. Ct. Order, 2008-KH-0320, 10/24/08.

[35] Rec. Doc. 1, p. 4.

[36] Rec. Doc. No. 9.

[37] Rec. Doc. No. 10.

8

nature of his claims require consideration on the merits and that the state trial court properly considered his motion to withdraw to be timely and proceeded to hold an evidentiary hearing.

III.   GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[38] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Burton's petition, which, for reasons discussed below, is deemed filed in this federal court on December 3, 2008.[39]

---

[38]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[39]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Burton's petition was filed by the clerk of court on December 31, 2008, when he paid the filing fee. Burton dated his signature on the petition on December 3, 2008. I will consider this to be the earliest date he could have submitted it to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002) (mailbox rule applies even if inmate did not pay the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

9

The threshold questions in habeas review under the amended statute are whether the petitioner is <u>in</u> <u>custody</u>, whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Burton's petition is not timely filed. While a review of the record supports that conclusion, I find that this court is without subject matter jurisdiction to consider Burton's petition since he is no longer in custody on the challenged conviction.

## IV. <u>SUBJECT MATTER JURISDICTION</u>

It is axiomatic that this court is one of limited jurisdiction and must always be satisfied of its own subject matter jurisdiction. Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999) (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94-95

(1998); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")).

Even if neither party raises the issue of subject matter jurisdiction, this court must consider [its] jurisdiction sua sponte." Equal Employment Opportunity Comm'n v. Agro Distrib., LLC, 555 F.3d 462, 467 (5th Cir. 2009). This rule applies to habeas corpus cases. Lofton v. Cain, 134 F.3d 369, 1997 WL 811739, at *1 (5th Cir. 1997); Rios v. Scott, 36 F.3d 90, 1994 WL 523804, at *1 (5th Cir. 1994).

When Burton's probation was revoked on July 30, 1997, he was sentenced to serve three years in the custody of the Louisiana Department of Corrections to run "concurrent with any other sentence defendant may be under."[40] More than two months later, Burton was convicted and sentenced on the unrelated armed robbery charge in Case No. 391-509. In the armed robbery case, which is not before this court as part of the instant federal habeas petition, Burton was sentenced as a multiple offender to serve 60 years in prison without parole, probation or suspension of sentence.[41] Thus, when his sentence for possession of stolen property upon probation revocation was imposed on July 30, 1997, Burton was not "under" a sentence for armed robbery; he had not yet been

---

[40]St. Rec. Supp. Vol. 1, Minute Entry, 7/30/97; Commitment Order, 7/30/97.

[41]State v. Burton, 746 So.2d at 76.

convicted on that charge. In the instant case, he challenges the constitutionality of his guilty plea on the possession of stolen property charge, <u>not</u> his armed robbery conviction.

To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987). 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a).

The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be in custody for the conviction or sentence under attack at the time the petition is filed. <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 400-401 (2001). In the case of convictions with concurrent sentences, a prisoner is considered to be "in custody" on the convictions for the longest of the concurrent sentences imposed. <u>Lydy v. Beto</u>, 399 F.2d 59, 61 (5th Cir. 1968).

Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968); <u>Port v. Heard</u>, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not

defeated by the petitioner's subsequent release from custody. <u>Carafas</u>, 391 U.S. at 238; <u>Port</u>, 764 F.2d at 425.

Burton's petition is deemed filed in this court under the "mailbox rule" on December 3, 2008. Although he was incarcerated at that time, I find that he was <u>not</u> in custody on that date for the conviction he is now challenging.

Louisiana law provides in relevant part that sentences of imprisonment for unrelated crimes "shall be served <u>consecutively</u> unless the court expressly directs that some or all of them be served concurrently." (emphasis added) La. Code Crim. P. 883; <u>see</u> <u>State v. Sanders</u>, 734 So.2d 1276-1278-79 (La. App. 5th Cir. 1999) (La. Code Crim. P. 883 provides for consecutive sentences for sentences imposed for separate crimes). With regard to sentences imposed upon revocation of probation, and where the defendant is convicted of another crime, as in Burton's case, "the sentence shall run <u>consecutively</u> with the sentence for the new conviction, unless the court originally imposing the suspension or probation specifically orders that said sentences are to be served concurrently, in which case the court minutes shall reflect the date from which the sentences are to run concurrently." (emphasis added) La. Code Crim. P. 901(a), (c)(2). In other words, unless the first state court declares that a sentence after the revocation of probation is to run concurrently with a sentence to be imposed upon conviction for another crime, the sentences by law run consecutively. See <u>State v. Boudreaux</u>, _ So.2d

13

\_, 2009 WL 1531589 at *3 (La. App. 3d Cir. June, 3, 2009) ("Because the sentencing judge in the [revocation] did not order that the sentence run concurrently with the sentence that might be imposed on the instant conviction, the provisions of La. Code Crim. P. art. 901(C)(2) mandate that the latter sentence be consecutive.")

In this case, the state trial court ordered that Burton's three-year sentence for possession of stolen property, made executory at the probation revocation hearing on July 30, 1997, was to run concurrently with any sentence he was already serving. Burton was not serving a sentence on the armed robbery charge at that time because he had not yet been convicted or sentenced for the armed robbery charge until more than two months later. When Burton was sentenced on October 3, 1997, to serve 60 years as a multiple offender on the armed robbery conviction, the state trial court did not designate that sentence to be concurrent with any other sentence. Even if the second state court had made such a designation, under Louisiana law, the determination of whether the sentences were concurrent or consecutive had to be made by the first state court at the time of sentencing on the revocation. Id.

The record does not demonstrate that the state trial court specifically set Burton's three-year sentence to run concurrently with the 60-year sentence later imposed for the armed robbery conviction. Thus, under Louisiana law, the sentences were consecutive

to each other, and his three-year sentence for possession of stolen property expired by July 30, 2000, three years after it was made executory.

Thus, at the time of filing of the instant federal habeas corpus petition on December 3, 2008, Burton had long before completed his sentence for possession of stolen property, which he now seeks to challenge in this court. He was <u>not</u> in custody pursuant to, or for purposes of challenging, the conviction for possession of a stolen vehicle. He remains in custody only for his separate armed robbery conviction. This court, therefore, lacks jurisdiction to review his petition, and the petition must be dismissed.

## **RECOMMENDATION**

It is **RECOMMENDED** that the petition of Edward Burton for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __14th__ day of August, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE